

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

June 12, 1973

Honorable Sam Kelley, Commissioner     Opinion No. H- 49
Consumer Credit Office
P. O. Box 2107                       Re: The application of the Texas
Austin, Texas 78711              Pawnshop Act to transactions
                                 where money is lent on
Dear Mr. Kelley:                 security of pledged goods

     You have requested the opinion of this office on the following questions:

> "1. May possession be taken of 'pledged goods,
> as that term is defined by the Pawnshop Act, as
> security for a loan without compliance with all the
> provisions of the Pawnshop Act?

> "2. Does the $2500 limitation in Sec. 12 of
> the Act mean that there is no authorization in Texas
> for a pawn transaction in excess of $2500, even
> though there is an interest charge of 10% simple
> interest per annum or less on the transaction?

> "3. May a lender making a loan authorized
> by Chapter 4 of the Texas Credit Code ever take
> possession of 'pledged goods,' as defined by the
> Pawnshop Act, as security for that loan?"

     The provisions of Article 5069-51, Vernon's Texas Civil Statutes,
known as the Texas Pawnshop Act, relevant to your request provide as
follows:

"Art. 5069-51. 02 Definitions

> "The following definitions apply where such
> words appear in this Act:

> . . .

"(b) 'Pawnbroker' - means any person
engaged in the business of lending money
on the security of pledged goods; or engaged
in the business of purchasing tangible personal
property on condition that it may be redeemed
or repurchased by the seller for a fixed price
within a fixed period of time.

"(c) 'Pledged goods' - means tangible
personal property other than choses in action,
securities, or printed evidences of indebtedness,
which property is deposited with or otherwise
actually delivered into the possession of a
pawnbroker in the course of his business in
connection with a pawn transaction.

"Article 5069-51.03 License Required

"No person shall engage in business as a
pawnbroker without first obtaining a license
from the commissioner specifically authorizing
engagement in such business. "

Your first question concerns "pledged goods" as defined in the Act.
The term includes only such goods as are deposited with or delivered to
"a pawnbroker in the course of his business in connection with a pawn
transaction. " Section 51.02(c). Therefore, "pledged goods" as defined
in the Act, are goods which are pledged and delivered in a pawn transaction
to someone engaged in the business of conducting such transactions [see
Section 51.02(b)]. Consequently, possession of such pledged goods may
be taken only in compliance with all the provisions of the Act.

Section 12 of the Texas Pawnshop Act provides in part:

"No pawnbroker may contract for, charge or
receive any amount as a charge for credit in con-
nection with a pawn transaction other than a pawn
service charge, and no pawn service charge may

> exceed the charge disclosed in the pawn ticket
> or other memorandum delivered to the pledgor
> . . . . [I]n no case shall the amount financed
> exceed $2,500.00."

This provision clearly prohibits a pawnbroker from making a pawn transaction in excess of $2,500. If a person is not a "pawnbroker" within the statutory definition, it places no restriction on the amount which he may loan. However, a person whose activities are not otherwise regulated may charge no more than 10% interest per annum, regardless of the amount of the loan. Article 5069-1.02, Vernon's Texas Civil Statutes.

Your third question again concerns "pledged goods," defined in the Act as including only such goods as are deposited with or delivered to a pawnbroker in connection with a pawn transaction. Section 51.16 of the Act provides that a pawnbroker shall not "enter any pawn transaction which has a maturity date more than one month after the date of the transaction."

Chapter 4 of the Subtitle on Consumer Credit (Article 5069-4.01 et seq., V.T.C.S.) is entitled Installment Loans and regulates contracts repayable in consecutive monthly installments, substantially equal in amount. Clearly then, loans authorized under Chapter 4 do not constitute pawn transactions regulated by the Texas Pawnshop Act and security for such a loan is not thereby a "pledged good" within the definition set forth in the Texas Pawnshop Act.

## SUMMARY

> Possession may be taken of "pledged goods,"
> i.e., goods deposited with a pawnbroker in connection
> with a pawn transaction, only in compliance with the
> Pawnshop Act. There is no authorization for a pawn
> transaction in excess of $2,500. Installment loans by
> others than pawnbrokers for amounts in excess of $2,500
> are governed by Article 5069-4.01, et seq, V.T.C.S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:


LARRY F. YORK, First Assistant


DAVID M. KENDALL, Chairman
Opinion Committee